### CAROLINE KIRT V. MARY KROPP.

BRIEF—SERVICE OF BY APPELLANT.

Motion to strike case from docket for failure of appellant to seasonably serve copy of brief. Granted.

*Alexander McKircher*, for motion.

*M. B. Pulcipher, contra,* contended:

1. That under the rule the appellant's brief should be served at least one full day before the case is placed on the calendar for hearing; that in this case a copy of said brief was served upon the attorney for the appellee on April 11, 1896, which was a sufficient service; citing Powers Practice, 276.

The facts as shown by the record and affidavits filed in support of the motion were as follows:

*a*—That the writ of error was issued September 30, 1895, returnable October 25, 1895, and was returned December 31, 1895, on which day copies of the printed record were filed.

*b*—That the case was noticed for hearing for the April term, 1896; that copies of appellant's brief were filed April 11, 1896, on which day a copy of said brief was served upon the attorney for the appellee.

---

### LEWIS WATERMAN ET AL. V. CLEMENT SMITH, CIRCUIT JUDGE OF CALHOUN COUNTY.

CASE—SETTLEMENT OF—UNDER ACT NO. 186, LAWS OF 1895.

Relators applied for *mandamus* to compel respondent to settle and certify to the evidence in a chancery case in narrative form under Act No. 186, Laws of 1895, notwithstanding the decree sought to be appealed from was entered prior to said act taking effect. An order to show cause was denied.

*Mains & Mains,* for relators, contended:

1. That under the decision in *Beebe v. Barkett,* 65 N. W. Rep. 970, the provisions of said act should govern on the settlement of the case, even though the decree was entered before said act became operative.

2. That said act provides that in all cases, whether the cause shall have been tried in open court or the testimony shall have been taken by deposition or before a circuit court commissioner,—either party shall be entitled to make and settle a case setting forth in substance all the evidence taken or read at the hearing, following as far as practicable the making of cases for review at law, before the judge who tried the case, at such time and in such manner as is now provided by rule for the settlement of bills of exceptions in cases at law.

3. That Circuit Court Rule No. 85, as amended and ordered to take effect September 1, 1895 (102 Mich.) provides that the bill of exceptions shall contain such parts of the testimony only as are necessary to present the questions of law raised, and shall be in narrative form unless the trial court shall determine it necessary to a full understanding of the questions that it be set out by questions and answers.

The facts as alleged in the petition for *mandamus* were:

*a*—That a decree was entered against the relators prior to the taking effect of Act No. 186, Laws of 1895.

*b*—That on March 25, 1896, a motion for the settlement of the case under said act was submitted to the circuit court for the county of Calhoun, in chancery; that on April 1, 1896, respondent made an order, in which he stated that where there is contention about the evidence, as in this case, he felt it was better to settle the case upon the whole record, as presented to him; that upon presentation of said record at the next session of the court on April 10, 1896, he would sign it as a settlement of the case.